UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GRETCHEN ANN CACCIAGUIDI,<br><br>Plaintiff,<br><br>v.<br><br>BRENT REINKE, OLIVIA CRAVEN, BRUCE WELLS-MOORE, JODI GRUENDLER, DONALD EASTEPPE, and JOHN DOES 1-50, individually and in their official capacities,<br><br>Defendants. | Case No. 4:09-CV-343-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Plaintiff's Motion (Dkt. 13) for Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (TRO). The motion for TRO and attached affidavit of Plaintiff were filed on December 30, 2009. Since that time, the Court has issued an Initial Review Order and conducted two Triage Conferences, and Plaintiff has been appointed stand-by counsel. Also before the Court is Plaintiff's Motion to Compel Discovery and for Enlargement of Time (Dkt. 36), filed July 21, 2010, to which Defendants responded on August 12, 2010.

**MEMORANDUM DECISION AND ORDER - 1**

# DISCUSSION

1. **Motion for TRO and Preliminary Injunction**

A Rule 65 preliminary injunction may be granted if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Resources Defense Council, Inc.*, – U.S. –, 129 S.Ct. 365, 374 (2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). In deciding whether to issue a preliminary injunction, the court "is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Internat'l. Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (citing *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also Stanley v. Univ. of Southern California*, 13 F.3d 1313 (9th Cir. 1994) (relief must be denied unless the facts and law clearly favor the moving party); *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (because a preliminary injunction is an extraordinary remedy, it should not to be granted routinely, but only when the plaintiff, by a clear showing, carries its burden of persuasion on each of the required elements).

In her motion here, Plaintiff appears to seek termination of the Therapeutic Community Program at the South Boise Women's Correctional Center. (Dkt. 13-1 at 7.) Plaintiff argues that the public interest favors granting relief in this case. (Motion, Dkt. 13 at 5-6.) However, Plaintiff does not address the other three factors identified above, for establishing that a preliminary injunction is warranted.

The content of Plaintiff's motion tracks the allegations in her Complaint (Dkt. 3) and First Amended Complaint (Dkt. 10). Although the Court, in its Initial Review Order (Dkt. 14), determined that Plaintiff has stated colorable claims of First and Fourteenth Amendment violations, such finding is insufficient to support a preliminary injunction. Notably absent in Plaintiff's motion, is a demonstration that Plaintiff would suffer irreparable injury if a preliminary injunction is not granted here. In fact, Plaintiff asserts that she is no longer in the Therapeutic Community Program at this time. (". . . I am in this prison system, right next to the TC Program." Dkt. 13 at 4.) Because Plaintiff must show all four elements in support of a motion for preliminary injunction, and having failed to establish irreparable injury, the Court will deny the motion at this time. Plaintiff will be permitted to re-raise the motion after she files a Second Amended Complaint, if any.

2. **Motion to Compel and for Enlargement of Time**

In her motion, Plaintiff requests an order compelling Defendants to provide her with copies of the Federal Rules of Criminal Procedure, Title 18 of the United States

Code, the "Model Penal Codes for money crimes, fraud and conspiracy," and the Federal Rules of Evidence. (Dkt. 36 at 8.) The Federal Rules of Civil Procedure address motions to compel disclosure or discovery. Fed. R. Civ. P. 37. However, as noted by Defendants, Plaintiff here appears to be making an "access to courts" request for which the IDOC has established procedures. (Standard Operating Procedure, Dkt. 37-1.) Plaintiff has not asserted that she has attempted and been denied a request following these IDOC procedures. There is no basis for the Court to grant Plaintiff's motion to compel, therefore her request will be denied.

It also appears, from Plaintiff's motion, that Plaintiff has misconstrued the Court's Initial Review Order. Plaintiff indicates, in light of the Court's prior order, an intent to raise new claims using legal materials now sought from Defendants. The Ninth Circuit has expressed "that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies . . .." *Armstrong v. Rushing*, 352 F.2d 836, 837 (9th Cir. 1965). The Court here clarifies that leave to amend was granted in order for Plaintiff to marshal more *facts,* and thus make more specific allegations to overcome *factual* deficiencies in her existing claims.

To this end, Plaintiff is directed to focus her attention on asserting more specific factual allegations concerning her existing claims, rather than on developing new legal theories. Plaintiff's request for enlargement of time shall be granted; Plaintiff shall have until October 8, 2010 to file the second amended complaint. However, given the need for

**MEMORANDUM DECISION AND ORDER - 4**

forward movement in the case, and given that she has already been granted two extensions, Plaintiff is warned that no further extensions shall be granted.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Motion (Dkt. 13) for Order to Show Cause for Preliminary Injunction and Temporary Restraining Order is DENIED without prejudice.

2. Plaintiff's Motion to Compel (Dkt. 36) is DENIED.

3. Plaintiff's Request for Enlargement of Time (Dkt. 36) is GRANTED. Plaintiff shall have until October 8, 2010 to file her second amended complaint.

4. No further extensions of time to amend the complaint shall be allowed.

DATED: **September 9, 2010**

Honorable Ronald E. Bush
U. S. Magistrate Judge